## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Juul Labs, Inc., | |
|        Plaintiff, | |
|        v. | Case No. |
| Keep Vapor Electronic Technology Co., Ltd., | **DEMAND FOR JURY TRIAL** |
| King Distribution LLC, | |
|        Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Juul Labs, Inc. ("Juul" or "Plaintiff") files this Complaint against Keep Vapor Electronic Technology Co., Ltd. ("Keep Vapor") and King Distribution LLC ("King") (collectively "Defendants") and alleges as follows:

### NATURE OF THIS ACTION

1.  This is a civil action arising out of Defendants' patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.

### PARTIES

2.  Juul is a privately-held corporation organized and existing under the laws of Delaware, having a principal place of business at 560 20th Street, San Francisco, CA 94107.

3.  Keep Vapor is a Chinese corporation with its principal place of business at Block D, XinLong Techno Park, ShaJing Town, Bao An District, Shenzhen, China.

4.  King is a New Jersey limited liability corporation with its principal place of business in New Jersey, at 356 Getty Ave., Building 6, Clifton, NJ 07011.

## JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over Juul's patent-infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Keep Vapor at least because, on information and belief, Keep Vapor has purposefully imported the accused 3X pods into New Jersey, made those products available for sale through an established distribution chain, including retailers within New Jersey. Juul's cause of action for patent infringement arises out of these activities. See Ex. 1 [image of 3X pods packaging].

7.     This Court has personal jurisdiction over King at least because King is incorporated in this District, and has purposefully distributed the accused 3X pods within New Jersey, made those products available for sale through an established distribution chain, including retailers within New Jersey. Juul's cause of action for patent infringement arises out of these activities. See Ex. 2 [receipt for 3X pods]; Ex. 3 [King Invoice].

8.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) at least because King is a resident and corporate citizen of this District, and because King has committed acts of infringement in this District. Venue is also proper for Keep Vapor in this District under 28 U.S.C. § 1391(b)(3) at least because no other venue is proper and this Court has personal jurisdiction over Keep Vapor. *Atlantic Marine Construction Co. v. United States District Court for the W.D. of Texas*, 571 U.S. 49, 57 (2013) ("The statute thereby ensures that so long as a federal court has personal jurisdiction over the defendant, venue will always lie somewhere.").

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,070,669

9.     Juul re-alleges and incorporates by reference Paragraphs 1-8 above, as if fully set forth herein.

10.     On September 11, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,070,669, entitled "Cartridge for Use with a Vaporizer Device," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, Ariel Atkins, and Aaron Keller. The '669 patent issued from U.S. Application No. 15/820,370, filed November 21, 2017. There are no fees currently due with respect to the '669 patent.

11.     The '669 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '669 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '669 patent is valid and enforceable. A true and correct copy of the '669 patent is attached as Exhibit 4.

12.     Juul virtually marks its products with the appropriate patent numbers, including the '669 patent.

13.     On information and belief, Keep Vapor and King manufacture, use, import, distribute, offer to sell, and/or sell in the United States the 3X pods that infringe the '669 patent under 35 U.S.C. § 271(a). For example, the 3X pods infringe claims 1, 2, 4, 5, 7-9, 12, 13, 16, 17, 20, and 21 of the '669 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the 3X pods is attached as Exhibit 5.

14.     By its actions, Keep Vapor's and King's infringement of the '669 patent has irreparably harmed Juul. Unless Keep Vapor's and King's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

15.    By its actions, Keep Vapor's and King's infringement of the '669 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Keep Vapor's and King's infringing acts.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,058,130

16.    Juul re-alleges and incorporates by reference Paragraphs 1-155 above, as if fully set forth herein.

17.    On August 28, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,058,130, entitled "Cartridge for Use with a Vaporizer Device," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, Ariel Atkins, and Aaron Keller. The '130 patent issued from U.S. Application No. 15/813,089, filed November 14, 2017. There are no fees currently due with respect to the '130 patent.

18.    The '130 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '130 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '130 patent is valid and enforceable. A true and correct copy of the '130 patent is attached as Exhibit 6.

19.    Juul virtually marks its products with the appropriate patent numbers, including the '130 patent.

20.    On information and belief, Keep Vapor and King manufacture, use, import, distribute, offer to sell, and/or sell in the United States the 3X pods that infringe the '130 patent under 35 U.S.C. § 271(a). For example, the 3X pods infringe claims 1, 2, 4-10, 16, 19, 21, and 27 of the '130 patent at least because these devices and pods include each and every limitation of

4

these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the 3X pods is attached as Exhibit 7.

21.     By its actions, Keep Vapor's and King's infringement of the '130 patent has irreparably harmed Juul. Unless Keep Vapor's and King's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

22.     By its actions, Keep Vapor's and King's infringement of the '130 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Keep Vapor's and King's infringing acts.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,045,568

23.     Juul re-alleges and incorporates by reference Paragraphs 1-22 above, as if fully set forth herein.

24.     On August 14, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,045,568, entitled "Vaporization Device Systems and Methods," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, and Ariel Atkins. The '568 patent issued from U.S. Application No. 15/832,749, filed December 5, 2017. There are no fees currently due with respect to the '568 patent.

25.     The '568 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '568 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '568 patent is valid and enforceable. A true and correct copy of the '568 patent is attached as Exhibit 8.

26.     Juul virtually marks its products with the appropriate patent numbers, including the '568 patent.

27.     On information and belief, Keep Vapor and King manufacture, use, import, distribute, offer to sell, and/or sell in the United States the 3X pods that infringe the '568 patent under 35 U.S.C. § 271(a). For example, the 3X pods infringe claims 1-3, 5-9, 12, and 17-20 of the '568 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the 3X pods is attached as Exhibit 9.

28.     By its actions, Keep Vapor's and King's infringement of the '568 patent has irreparably harmed Juul. Unless Keep Vapor's and King's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

29.     By its actions, Keep Vapor's and King's infringement of the '568 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for Keep Vapor's and King's infringing acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Keep Vapor and King as follows:

A.     That Keep Vapor and King and all of its subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert or participation with Keep Vapor and King and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products

infringing the claims of the patents-at-issue; and deliver to Plaintiff all products that infringe the patents-at-issue;

B.   A judgment by the Court that Keep Vapor and King have infringed U.S. Patent Nos. 10,070,669; 10,058,130; and 10,045,568;

C.   An award of damages for infringement of U.S. Patent Nos. 10,070,669; 10,058,130; and 10,045,568 together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of Keep Vapor's and King's infringement, as provided by 35 U.S.C. § 284;

D.   A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E.   That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law;

F.   For costs of suit; and

G.   For such other or further relief as the Court deems just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a

trial by jury of any issues triable of right by a jury.

Dated: October 3, 2018

*Of Counsel:*

Daniel E. Yonan
Michael E. Joffre
Nirav N. Desai
STERNE, KESSLER, GOLDSTEIN & FOX
PLLC
1100 New York Avenue, NW
Washington, DC 20005
(202) 371-2600
(202) 371-2540 (fax)
dyonan@sternekessler.com
mjoffre@sternekessler.com
ndesai@sternekessler.com

By:   */s/ Lisa J. Rodriguez*
Lisa J. Rodriguez
SCHNADER HARRISON SEGAL &
LEWIS LLP
Woodland Falls Corporate Park
220 Lake Drive East Suite 200
Cherry Hill, NJ 08002
(856) 482-5741
lrodriguez@schnader.com

*Attorneys for Plaintiff Juul Labs, Inc.*